UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

AMANDA SCHNEIDER and MICHAEL TORRES,

                                    Plaintiffs,

-against-

CITY OF NEW YORK, OFFICER SMITH (Shield 1940)
ROBERT MORALES, JOHN DOE, and JANE DOE,

                                    Defendants.

---

Index No.: 25-CV-1296

**COMPLAINT**

<u>**JURY TRIAL DEMANDED**</u>

---

Plaintiffs Amanda Schneider ("Schneider") and Michael Torres ("Torres") (collectively, "Plaintiffs"), by and through their undersigned counsel, Brustein Law, P.L.L.C. and, Novo Law Firm, P.C., as and for their Complaint in this action against Defendants City of New York, Officer Smith ("Smith"), and Robert Morales ("Morales"), John Doe, and Jane Doe (collectively, "Defendants"), hereby allege as follows:

<u>**JURISDICTION AND VENUE**</u>

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiffs' rights under 42 U.S.C. 1983. The Court has supplemental jurisdiction over Plaintiffs' related claims arising under state law pursuant to 28 U.S.C. 1367(a).

2.      Venue is proper in this district pursuant to 28 U.S.C. 1391(b) because Plaintiffs live in this District and, upon information and belief, Defendants reside in the State of New York.

3.      Within ninety days of the occurrence of the incident at bar, Plaintiff submitted a satisfactory notice of claim.

4.      On July 2, 2024, Plaintiff Schneider sat for a 50-h hearing.

5.     On July 23, 2024, Plaintiff Torres sat for a 50-h hearing.

6.     Defendants have made no offer to settle this matter.

## PARTIES

7.     At all times relevant herein up and until the present, Plaintiffs were citizens of New York, residing in Staten Island.

8.     At all times relevant herein up and until the present, Defendant City of New York ("City") was a is a municipal corporation organized under the laws of the State of New York. It operates the Human Resources Administration ("HRA"), a department or agency of defendant City of New York responsible for the administration of public benefits programs for low-income and vulnerable New Yorkers.

9.     At all times relevant herein up and until the present, the City maintains an HRA police department.

10.     At all times relevant herein, Defendant Smith was a police officer working at the Human Resources Administration building located at 201 Bay Street, Staten Island, New York ("HRA Building"). Defendant Smith is a black female, standing approximately five-feet, five inches tall.

11.     At all times relevant herein up and until the present, Defendant Morales was an HRA employee working at the HRA building. Defendant Morales is an approximately six-foot Hispanic male with a muscular build. Upon information and belief, Defendant Morales is an employee of Defendant City of New York.

12.     Upon information and belief, at all relevant times herein, John Doe worked at the HRA building and was employed by the City of New York.

13.     Upon information and belief, at all relevant times herein, Jane Doe worked at the HRA building and was employed by the City of New York.

14.     Upon information and belief, the City is responsible for the appointment, training, supervision, promotion and discipline of officers and supervisory officers, and all of its employees, including Defendants Smith, Morales, John Doe, and Jane Doe.

## FACTUAL ALLEGATIONS

15.     On February 5, 2024, Plaintiff Schneider needed to fix the status of her food stamps, services for Medicaid, and other programs at the HRA.

16.     Plaintiff Torres drove Plaintiff Schneider to the HRA building to fix the status of her food stamps, services for Medicaid, and other programs.

17.     Plaintiff Schneider entered the HRA building at approximately 4:45 pm and stood in line to fix the status of her food stamps, services for Medicare, and other programs.

18.     Just before 5:00pm, when the HRA building was set to close, Defendant Smith removed Plaintiff Schneider from the line and started escorting Plaintiff Schneider towards the exit and out of the HRA building.

19.     Plaintiff Schneider began protesting Defendant Smith's ushering her towards the exit.

20.     After Defendant Smith had removed Plaintiff Schneider from the HRA building, Defendant Smith forcefully closed the door to the HRA building on Plaintiff Schneider, causing Plaintiff Schneider to sustain injuries, including injuries to her right foot and toe.

21.     Plaintiff Torres, who was in his car waiting for Plaintiff Schneider, saw Plaintiff Scheider's injuries and went to Defendant Smith and demanded her shield number.

22.     Defendant Smith, who was now with Defendant Morales, gave Plaintiff Torres the shield number and told Plaintiff Torres to "Go f--- yourself."

23.     Plaintiff Torres began walking away.

24. As Plaintiff Torres was walking away, Defendant Morales then told Plaintiff Torres to "Go f--- yourself."

25. Defendant Smith once again yelled obscenities at Plaintiff Torres.

26. Plaintiff Torres exchanged words with Defendants Smith and Morales.

27. Plaintiff Torres continued walking away.

28. Defendant Morales then approached Plaintiff Torres and punched Plaintiff Torres.

29. After punching Plaintiff Torres, Defendant Morales then forcibly lifted him off of the ground and slammed Plaintiff Torres, headfirst, into the pavement.

30. As a result of the assault, Plaintiff Torres sustained serious injuries, including a loss of consciousness, loss of memory, loss of hearing, tinnitus, vertigo, and the left side of his face became "droopy," and he suffered emotional injuries including fear, depression, and anxiety.

31. At all times, the Individual Defendants were acting under color of law.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### FALSE ARREST
### (Against Defendant Morales)

32. Plaintiff repeats and realleges each and every allegation contained in the aforementioned Paragraphs, as though fully set forth herein.

33. Plaintiff Torres had committed no crime.

34. There was no legal basis to confine or restrain Plaintiff Torres.

35. Defendant Morales restrained Plaintiff Torres by lifting him off of the ground and restraining his movement.

36. Plaintiff Torres was aware that Defendant Morales intended to confine him.

37. Plaintiff Torres did not consent to the confinement.

38.     The confinement was not otherwise privileged.

39.     As a result, Plaintiff Torres is entitled to compensatory damages, punitive damages, attorney's fees, and costs as against Defendant Morales.

## SECOND CLAIM FOR RELIEF
## EXCESSIVE FORCE
### (Against Defendants Smith)

40.     Plaintiffs repeat and reallege each and every allegation contained in the aforementioned Paragraphs, as though fully set forth herein.

41.     The Defendant Smith has deprived Plaintiff of his civil, constitutional and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

42.     Plaintiff Schneider made no movements, threatened, or agitated the situation to warrant any use of force at all.

43.     There was no reason for Defendant Smith to forcefully slam the door on Plaintiff Schneider's foot.

44.     As a result, Plaintiff Schneider is entitled to compensatory damages, punitive damages, attorney's fees, and costs as against Defendant Smith.

## THIRD CLAIM FOR RELIEF
## EXCESSIVE FORCE
### (Against Defendants Smith and Morales)

29.     Plaintiff Torres repeats and realleges each and every allegation contained in the aforementioned Paragraphs, as though fully set forth herein.

30.     Plaintiff Torres made no movements or threatened Defendant Morales to warrant the use of any force at all.

31.     There was no reason for Defendant Morales to punch Plaintiff Torres or forcefully slam Plaintiff Torres into the ground.

33.     Defendant Morales acted in concert with Defendant Smith to injure Plaintiff Torres.

34.     As a result, Plaintiff Torres is entitled to compensatory damages, punitive damages, attorney's fees, and costs as against Defendants Smith and Morales.

## FOURTH CLAIM FOR RELIEF
## FAILURE TO INTERVENE
### (Against Defendants Smith, John Doe and Jane Doe)

35.     Plaintiff repeats and realleges each and every allegation contained in the aforementioned Paragraphs, as though fully set forth herein.

36.     Defendants Smith, John Doe and Jane Doe had a realistic opportunity to intervene and prevent the harm inflicted upon Plaintiff Torres by Defendant Morales.

37.     Any reasonable person in Defendants Smith John Doe or Jane Doe 's position would know that Plaintiff Torres' constitutional rights were being violated.

38.     Defendants Smith, John Doe and Jane Doe did not take reasonable steps to intervene and stop the harm inflicted upon Plaintiff Torres by Defendant Morales.

39.     Defendants Smith, John Doe, and Jane Doe had ample opportunity to intervene and stop the harm inflicted upon Plaintiff Torres by Defendant Morales, but failed to do so.

40.     As a result, Plaintiff Torres is entitled to compensatory damages, punitive damages, attorney's fees, and costs as against Defendants Smith, John Doe, and Jane Doe.

## FIFTH CLAIM FOR RELIEF
## STATE-CREATED DANGER
### (Against Defendant Smith)

41.     Plaintiff repeats and realleges each and every allegation contained in the aforementioned Paragraphs, as though fully set forth herein.

42.     Defendant Smith had a special working relationship with Defendant Morales.

43.     By telling Plaintiff Torres to "Go f--- yourself," Defendant Smith took an affirmative act that enhanced or created an opportunity for Defendant Morales to harm Plaintiff Torres (or increase the risk of such harm) without fear of retribution.

44.     As a result, Plaintiff Torres is entitled to compensatory damages, punitive damages, attorney's fees, and costs as against Defendant Smith.

## SIXTH CLAIM FOR RELIEF
### BATTERY
### (Against Defendants Smith, Morales and City of New York)

45.     Plaintiff repeats and realleges each and every allegation contained in the aforementioned Paragraphs, as though fully set forth herein.

46. Defendants Smith and Torres initiated wrongful physical contact with Plaintiffs.

47. Plaintiffs did not consent to the contact.

48. Defendant City of New York, as an employer of Defendants Smith and Morales, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

49. As a result, Plaintiffs are entitled to compensatory damages, punitive damages, attorney's fees, and costs as against Defendants.

## SEVENTH CLAIM FOR RELIEF
### NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION
### (Against Defendant City of New York)

50.     Plaintiff repeats and realleges each and every allegation contained in the aforementioned Paragraphs, as though fully set forth herein.

51.     Defendant City of New York has a duty to hire competent and qualified people to work at the HRA.

52.     Defendant City of New York has a duty to train employees who work at the HRA.

53.     Defendant City of New York has a duty to supervise employees who work at the HRA.

54.     Defendant City of New York has a duty to terminate employees who work at the HRA who pose a safety risk to people visiting the HRA.

55.     Defendant City of New York breached its aforementioned duties.

56.     Plaintiffs sustained injuries as a result of the breaches of the aforementioned duties by Defendant City of New York (through the actions of the Defendants Smith and Morales).

## JURY DEMAND

57.     Plaintiffs hereby demand a trial by jury on all issues as permitted by law.

## PRAYER FOR RELIEF

WHEREFORE, it is respectfully requested that the Court award:

a.  Compensatory damages, including for the following damages, among other things: an injured leg and toe, a loss of consciousness, loss of memory, loss of hearing, tinnitus, vertigo, a "droopy" left side of the face, anxiety, emotional distress, mental anguish, and a loss of income in an amount to be determined at trial;

b.  Punitive damages in an amount to be determined at trial;

c.  Costs, interest, expert fees, and attorney's fees; and

d.   Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
        March 6, 2025

**BRUSTEIN LAW PLLC**

*/s/ Evan Brustein*
Evan Brustein, Esq.
Brustein Law, PLLC
299 Broadway, 8th Floor
New York, New York 10007
Tel:     (212) 233-3900
Fax:     (212) 285-0531
*Attorneys for Plaintiff*

NOVO LAW FIRM, P.C.
Ilya Novofastovsky, Esq.
299 Broadway, 8th Floor
New York, New York 10007
*Attorneys for Plaintiff*